SIDNEY SHIRLEY HARMON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Harmon v. Commissioner
Docket No. 3253-78.
United States Tax Court
T.C. Memo 1980-506; 1980 Tax Ct. Memo LEXIS 81; 41 T.C.M. (CCH) 361; T.C.M. (RIA) 80506; November 13, 1980, Filed *81 Held, value of lodging furnished to P by his employer is includable in his gross income during the years in issue since he failed to meet all the requirements for exclusion under sec. 119, I.R.C. 1954. Sidney Shirley Harmon, pro se. T. Keith Fogg, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined deficiencies in the petitioner's Federal income taxes of $338.00 for 1974, $535.00 for 1975, and $731.00 *82 for 1976. The only issue for decision is whether the petitioner must include in gross income the value of lodging furnished to him by his employer during the years in issue. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. The petitioner, Sidney Shirley Harmon, resided in Salem, Ore., when he filed his petition in this case. He and his wife filed Joint Federal income tax returns for 1974, 1975, and 1976 with the Internal Revnue Service. During the years in issue, the petitioner was a dentist employed by the Oregon State Mental Hospital (the hospital) is Salem, Ore. In October 1969, shortly after he began his employment with the hospital, he moved into Cottage 24 on the grounds of the hospital, where he lived during the years in issue. The cottage had five rooms, plus a kitchen, a utility porch, and a one-car garage. During the years in issue, the basic furnishings of the cottage included a range, garden tools, intercom (telephone), fireplace set, hamper and screen, drapes, hot water heater, laundry tubs, T.V. antenna, and a brick patio. When the petitioner was offered the job by the State, his supervisor did not tell him that he *83 had to live on the hospital grounds, and he was not required to be available for duty at all hours.During the years in issue, the hospital also employed another dentist who did not live on the hospital grounds. Neither the petitioner nor the other dentist was restricted in his activities after normal working hours, although both were subject to being called in case of an emergency. The petitioner paid a monthly base rental of $113 for his residence and an additional $20 per month for basic furnishings. The rental charge included utilities and services. In 1972, the State made an appraisal of the fair market rental of Cottage 24 and determined such rental value to be $190 per month, which included utilities and services. The State made another appraisal of the fair market rental value of Cottage 24 in 1977, when it found such value to be $300 per month, including utilities and services. The 1977 appraisal report indicated that the petitioner was entitled to a rent deduction for State housing because his presence there was "Not Required but [an] Advantage to Reduce Vandalism." In his notice of deficiency, the Commissioner determined that the petitioner received additional unreported *84 income as a result of his use of Cottage 24. To compute the fair rental value of the cottage during the years in issue, the Commissioner relied on the 1972 and 1977 appraisals by the State, and he prorated the increase in rental value over the intervening years. Thus, he found the monthly rental value, including utilities and services, to be $234 in 1974, $256 in 1975, and $278 in 1976. He increased the petitioner's income during the years in issue by the difference between such rental values and the rental payments made by the petitioner. OPINION The only issue for decision is whether the petitioner must include in his gross income for the years in issue the difference between the fair rental value of Cottage 24 and the rent paid by him for such living accommodations. Gross income, as defined by section 61 of the Internal Revenue Code of 1954, [1] includes all income from whatever source derived, including compensation for services. If services are paid for other than in money, the fair market value of the property or services taken in payment must be included in income as compensation. Giesinger v. Commissioner, 66 T.C. 6 (1976). It *85 is clear that, in the present case, the lodging furnished to the petitioner constituted compensation for services rendered by him. Indeed, his testimony indicated that the State used the housing it provided him as compensation for the lower salary he received compared to dentists working for other western States. Therefore, the fair rental value of such lodging must be included in the petitioner's gross income unless properly excludable under section 119. See Commissioner v. Duberstein, 363 U.S. 278 (1960); Commissioner v. LoBue, 351 U.S. 243 (1956). Section 119(a)(2) allows an employee to exclude from gross income the value of lodging furnished for the convenience of the employer if "the employee is required to accept such lodging on the business premises of his employer as a condition of his employment." In order for the petitioner to qualify for the section 119 exclusion, three conditions must be met: (1) The lodging must be furnished on the business premises of the employer; (2) the lodging must be furnished for the convenience *86 of the employer; and (3) the employee must be required to accept such lodging as a condition of his employment. Sec. 1.119-1(b), Income Tax Regs. The failure of the petitioner to meet any one of these conditions will cause the value of his lodging to be includable in his gross income. Giesinger v. Commissioner, 66 T.C. at 10; Dole v. Commissioner,43 T.C. 697 (1965), affd. per curiam 351 F. 2d 308 (1st Cir. 1965); Olkjer v. Commissioner, 32 T.C. 464 (1959). The Commissioner contends that the exclusion under section 119 is not available since the petitioner was not required to reside on the hospital grounds as a condition of employment. The condition-of-employment test is further elucidated by the regulations: The requirement of subparagraph (3) of this paragraph that the employee is required to accept such lodging as a condition of his employment means that he be required to accept the lodging in order to enable him properly to perform the duties of his empoloyment. Lodging will be regarded as furnished to enable the employee properly to perform the duties of his employment when, for example, the lodging is furnished *87 because the employee is required to be available for duty at all times or because the employee could not perform the services required of him unless he is furnished such lodging. * * * [Sec. 1.119-1(b), Income Tax Regs.] We do not rely merely on the fact that the petitioner was not expressly required to accept the accommodations as a condition of his employment; instead, we focus on whether, as a practical matter, "the employee's occupancy of the lodging furnished by his employer is necessary in order for the employee to perform properly the duties he is employed to perform." Heyward v. Commissioner, 36 T.C. 739, 744 (1961), affd. per curiam 301 F. 2d 307 (4th Cir. 1962); McDonald v. Commissioner, 66 T.C. 223, 231 (1976). The only evidence offered by the petitioner to support his contention that he was required to live in State housing as a condition of employment is a State procedural manual which indicates he could be called in an emergency. However, such manual merely indicates that in emergencies during non-working hours, the dentist housed on the grounds should be called before the second dentist is called. The manual also *88 indicates that as a last resort in an emergency, another State institution or local facility should be contacted. The manual contains no statement that a dentist is required to be housed on the grounds of the hospital.The job description of the petitioner's position also contained no statement that he must live on the grounds of the hospital. Moreover, the petitioner introduced no evidence to establish that his presence on the hospital grounds was necessary in order for him to perform properly the duties of his employment. Heyward v. Commissioner, supra at 744; McDonald v. Commissioner, supra at 231. Indeed, he testified that when he was offered the job, he was not told that he had to live on the hospital grounds. He also stated that he did not have to be available for duty at all hours.The 1977 appraisal report indicated that the State considered his rental of housing on the hospital grounds merely to be an advantage to reduce vandalism. Under such circumstances, we hold that the difference between the value of the living accommodations furnished to the petitioner by the State and the amounts paid by him therefor is includable in his *89 gross income during the years in issue since he has failed to meet all the requirements for exclusion under section 119. In McDonald v. Commissioner, 66 T.C. at 233, this Court stated that the "Respondent's determination of the value of the lodgings is presumed to be correct and the burden of proof is on petitioners to prove it is wrong." See also Heyward v. Commissioner, 36 T.C. at 747. In determining the value of Cottage 24, the Commissioner relied on the 1972 and 1977 appraisals by the State, and he prorated the increase in rental value over the years in issue. The petition offered no evidence to rebut the Commissioner's determination of the fair rental value of Cottage 24, other than his assertion that the 1972 report did "not reflect the services and utilities." However, such report specifically stated that the fair rental value included utilities and services. Furthermore, the petitioner stipulated that his total rental of $133 included utilities and services. Therefore, we must hold that the petitioner has introduced no evidence to carry his burden on this issue, and we sustain the determination of the Commissioner as to the value of the *90 lodgings furnished to the petitioner during the years in issue. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the years in issue.↩